```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                CENTRAL DIVISION at LEXINGTON
```

|                                          |   |                                    |
|------------------------------------------|---|------------------------------------|
|                                          | ) |                                    |
|                                          | ) | MDL No. 1877                       |
|                                          | ) |                                    |
| IN RE CLASSICSTAR MARE LEASE             | ) | Master File:                       |
| LITIGATION                               | ) | Civil Action No. 5:07-cv-353-JMH   |
|                                          | ) |                                    |
|                                          | ) | **Civil Action Nos.**              |
|                                          | ) | 5:06-CV-00243-JMH                  |
|                                          | ) | 5:07-CV-00347-JMH                  |
|                                          | ) | 5:07-CV-00348-JMH                  |
|                                          | ) | 5:07-CV-00349-JMH                  |
|                                          | ) | 5:07-CV-00351-JMH                  |
|                                          | ) | 5:07-CV-00352-JMH                  |
|                                          | ) | 5:07-CV-00419-JMH                  |
|                                          | ) | 5:08-CV-00017-JMH                  |
|                                          | ) | 5:08-CV-00053-JMH                  |
|                                          | ) | 5:08-CV-00074-JMH                  |
|                                          | ) | 5:08-CV-00079-JMH                  |
|                                          | ) | 5:08-CV-00104-JMH                  |
|                                          | ) | 5:08-CV-00109-JMH                  |
|                                          | ) | 5:08-CV-00321-JMH                  |
|                                          | ) | 5:08-CV-00418-JMH                  |
|                                          | ) | 5:08-CV-00487-JMH                  |
|                                          | ) | 5:08-CV-00496-JMH                  |
|                                          | ) | 5:09-CV-00015-JMH                  |

**MEMORANDUM OPINION AND ORDER**

*** *** ***

This matter is before the Court upon Defendant GeoStar Corporation's (hereinafter, "GeoStar") Motion for Protective Order [Lexington Civil Action No. 07-353-JMH, Record No. 1005].[1]

---

[1] *See also* Lexington Civil Action No. 06-243-JMH, Record No. 367; Lexington Civil Action No. 07-347-JMH, Record No. 137; Lexington Civil Action No. 07-348-JMH, Record No. 148; Lexington Civil Action No. 07-349-JMH, Record No. 161; Lexington Civil Action No. 07-351-JMH, Record No. 62; Lexington Civil Action No. 07-352-JMH, Record No. 75; Lexington Civil Action No. 07-419-JMH, Record No. 113; Lexington Civil Action No. 08-17-JMH, Record No. 40; Lexington Civil Action No. 08-53-JMH, Record No. 196; Lexington Civil Action No. 08-74-JMH, Record No. 39; Lexington

Plaintiffs West Hills Farms, LLC, Arbor Farms, LLC, Nelson Breeders, LLC, MacDonald Stables, LLC, and Jaswinder and Monica Grover (hereinafter, "West Hills Plaintiffs") [Lexington Civil Action No. 07-353-JMH, Record No. 1009; Lexington Civil Action No. 06-243-JMH, Record No. 370] and Plaintiffs Peter Fortenbaugh and Betty Lee, individually and in their capacity as the Trustees of the Peter Fortenbaugh Trust (hereinafter, "Fortenbaugh Plaintiffs")[2] [Lexington Civil Action No. 07-353-JMH, Record No. 1010; Lexington Civil Action No. 08-496-JMH, Record No. 80], Plaintiffs AA-J Breeding, LLC, Su-Sim, LLC, Derby Stakes, LLC, Uri Halfon, and Ora Oli Halfon (hereinafter, "AA-J Breeding

---

Civil Action No. 08-79-JMH, Record No. 52; Lexington Civil Action No. 08-104-JMH, Record No. 33; Lexington Civil Action No. 08-109-JMH, Record No. 120; Lexington Civil Action No. 08-321-JMH, Record No. 110; Lexington Civil Action No. 08-418-JMH, Record No. 27; Lexington Civil Action No. 08-487-JMH, Record No. 40; Lexington Civil Action No. 08-496-JMH, Record No. 78; and Lexington Civil Action No. 09-15-JMH, Record No. 65.

[2]The Fortenbaugh Plaintiffs have joined in the West Hills Plaintiffs' Response, but also state their own response with regard to GeoStar's statement that "[to the extent that any party is not prepared to participate in the deposition of GeoStar at this time, and to the extent of unobjectionable topics, that party should understand that one of the consequences of going forward now is that there will not be an opportunity to ask other questions later."  [Motion for Protective Order at 2.]  The Fortenbaugh Plaintiffs argue that, whether or not the deponent designated to testify on behalf of GeoStar Corporation may have knowledge of and testify about the activities about one or more of its subsidiaries and affiliates, such subsidiaries and affiliates may not on this basis refuse to provide future testimony pursuant to Fed. R. Civ. P. 30(b)(6) on the same or related topics.  The Court agrees.

Plaintiffs")[3] [Lexington Civil Action No. 07-353-JMH, Record No. 1011; Lexington Civil Action No. 08-79-JMH, Record No. 54], Plaintiffs Leo and Jean Hertzog and J&L Canterbury Farms, LLC (hereinafter, "Hertzog Plaintiffs)[4] [Lexington Civil Action No. 07-353-JMH, Record No. 1012; Lexington Civil Action No. 07-349-JMH, Record No. 163], and Plaintiffs John and Dana Goyak, John Goyak & Associates, Inc., and Jupiter Ranches, LLC (hereinafter, "Goyak

---

[3]The AA-J Breeding Plaintiffs join in the Responses filed by the West Hills Plaintiffs and the Fortenbaugh Plaintiffs.

[4]In their late-filed (by 28 minutes and 13 seconds) Response, the Hertzog Plaintiffs join in the Response filed by the West Hills Plaintiffs and further seeks to state their specific response to GeoStar's objection to their supplemental topics to be addressed at deposition. [*See* Lexington Civil Action No. 07-353-JMH, Record No. 1006 (requiring any response to GeoStar's Motion for Protective Order to be filed no later than 9:00 a.m. on May 12, 2009).] Specifically, the Hertzog Plaintiffs argue that the Motion should be denied for GeoStar Corporation's failure to confer and attach a certification of that conference with counsel for the Hertzogs, as required by Local Rule 37.1, in an effort to resolve any dispute over their efforts to add topics to the Notice on May 6, 2009. Considering that Defendant GeoStar Corporation was made aware of these additional topics on May 6, 2009 (at 6:14 p.m., if the email header in the email communicating those topics to counsel for GeoStar is to be believed), the Court will forgive that failure in this instance.
   The Hertzog Plaintiffs also state that, to the extent that the supplemental topics are late-breaking, their counsel was not consulted nor was any effort made to coordinate the scheduling of this deposition with the Hertzogs, although the Court notes that Hon. Catherine Sakach's name and email address (csakach@duanemorris.com) are included on the certificate of service for Plaintiffs' Rule 30(b)(6) Notice of Taking of Deposition of Defendant Geostar Corporation, indicating that she was served, and, thus, the Hertzog Plaintiffs have had since April 21, 2009, to state any objections to the planned deposition or to add topics to the list to be addressed.
   The Court shall not, thus, deny GeoStar Corporation's motion on any of these grounds.

Plaintiffs")[5] [Lexington Civil Action No. 07-353-JMH, Record No. 1014; Lexington Civil Action No. 08-53-JMH, Record No. 198; *see also* duplicate filing of Response at Lexington Civil Action No. 07-353-JMH, Record No. 1015], have responded.  GeoStar has filed a Reply in further support of its motion [Lexington Civil Action No. 07-353-JMH, Record No. 1016].

**I.   BACKGROUND**

On April 21, 2009, Plaintiffs served a Rule 30(b)(6) Notice of Deposition of Taking Deposition of Defendant Geostar Corp. on the parties to these actions, to take place on May 13, 14, and 15, 2009, in Lexington, Kentucky.[6]  The Notice identifies 39 topics of testimony, including 46 separate sub-parts, which are set forth in the exhibits to GeoStar's Motion.  Defendant GeoStar now seeks a protective order in advance of the scheduled deposition.

**II.  DISCUSSION**

---

[5]In their late-filed (by one hour, 35 minutes, and 20 seconds) Response, the Goyak Plaintiffs join in the West Hills Plaintiffs' Response. [*See* Lexington Civil Action No. 07-353-JMH, Record No. 1006 (requiring any response to GeoStar's Motion for Protective Order to be filed no later than 9:00 a.m. on May 12, 2009).]

[6]  The Court notes that GeoStar waited until approximately 5:50 p.m., on Friday, May 8, 2009, i.e., after the close of business, to file the Motion for Protective Order which is at bar.  Notwithstanding that GeoStar was obligated to take the time to confer with the other affected parties, evidence of which is attached to the Motion as exhibits, the Court wonders that GeoStar was unable to raise the issues addressed in its Motion to the Court's attention until seventeen days had passed from service of the Notice, particularly knowing how little time would then remain for the resolution of the issues raised in advance of the scheduled deposition.

In its Motion, GeoStar raises a number of objections to Plaintiffs' 30(b)(6) Notice, complaining that it is unfair to require of it a designee who can provide all information regarding GeoStar from incorporation to the present, testify about the operations, motivations, and reasoning behind the actions of Defendant ClassicStar, LLC, First Source Wyoming, Inc., and perhaps other companies, and numerous other topics.[7]  GeoStar objects to the vagueness of the topics to be covered at the deposition, the request that it authenticate documents that were not part of its production, the request for testimony on the present financial state and whereabouts of assets for itself and its subsidiaries, the length of the scheduled deposition, and the last minute addition of topics for the deposition.  The Court has considered each of GeoStar's arguments, in turn, and shall grant its motion in part and deny its motion in part, as follows.

As an initial matter, GeoStar takes the position that it is somehow unfair to require it to prepare and present a witness or multiple witnesses at a deposition under Fed. R. Civ. P. 30(b)(6) where some potential witnesses have raised the privilege against self-incrimination under the Fifth Amendment and where the topics are so broad ranging as to effectively require the preparation of

---

[7]In advance of filing its Motion, GeoStar certifies that it made its objections to the Notice to counsel for the West Hills Plaintiffs, conferred with Plaintiffs' liaison counsel (also counsel for the West Hills Plaintiffs) regarding those objections, and has reviewed Plaintiff's written response to its objections.

multiple witnesses for presentation in the course of the scheduled deposition.[8]  These objections are without merit.

A party which intends to assert claims and defenses in litigation must adequately prepare an individual to testify as to those claims and defenses, which duty "goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (role of designee is to present corporation's "position" on topics, including the subjective beliefs and opinions of the corporation; burden of preparing witness able to do so accompanies privilege of conducting business in corporate form). That some employees and agents have asserted their right not to testify does not relieve GeoStar of its

---

[8] GeoStar has also generally and without any reasoning objected to preparing a designee to testify as to certain topics as as "unreasonably vague," including "inventory of thoroughbred mares owned by ClassicStar," the purchase price of those mares, the financial statements of GeoStar and ClassicStar, tax returns of GeoStar, Gastar, and ClassicStar, cash transfers from ClassicStar to GeoStar or its affiliates, and value paid by Geostar in exchange for those transfers, and GeoStar's relationship (through 2005) with Gastar. The Court is not persuaded that these topics are unreasonably vague, considering that it is alleged that GeoStar had knowledge of this information or prepared or had some hand in preparing these materials or played some role in the action described.  The Rule requires that the party identify the requested topics with "reasonable particularity" and that the deponent exercise reasonable judgment in responding to the designation – the party issuing the notice need not identify every question it will ask.  The Court agrees with Plaintiffs that it is disingenuous for GeoStar to suggest that it cannot prepare a witness based on the designations of topics which concern the financial relationships between itself, ClassicStar, and GeoStar's other subsidiaries.

obligation to produce a designee to comment on information reasonably known to the defendant, including information gleaned from GeoStar's correspondence, contracts, organizational charts, payroll, or other corporate records and from any other records available to GeoStar. *See Spring Communications Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D.Kan. 2006) (party responding to 30(b)(6) notice must review all materials known or reasonably available to it, including, if need be, prior deposition testimony, documents and deposition exhibits; "personal knowledge of the designated subject matter by the selected deponent is of no consequence"); *Taylor*, 166 F.R.D. at 361 (death or dismissal of employees with knowledge of particular events does not excuse corporation from obligation to prepare designee through use of documents, past employees or other sources); *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 35 (D.Conn. 2003) ("corporate representative was obliged to gain some understanding of the underlying facts, regardless of the source identifying the underlying facts, and to answer questions accordingly."). Further, GeoStar has no absolute right to produce only one Rule 30(b)(6) designee on this occasion to deal with essentially all substantive issues in this case. *Spring*, 236 F.R.D. at 528 (corporation must produce whatever number of persons necessary to satisfy the request); *Poole v. Textron, Inc.*, 192 F.R.D. 494, 504 (D.Md. 2000) (corporation may have obligation to designate more than one individual to respond properly to notice). GeoStar's motion shall

be denied in this regard.

Next, Geostar cannot be excused from preparing a designee or designees as to matters related to its wholly owned and controlled subsidiaries to the extent that it has knowledge of those subsidiaries. Plaintiffs cite to the fact that GeoStar maintained the corporate books and records for several of its subsidiaries in its own offices during the entire period of its control and, in most instances, certain subsidiaries had no separate employees, and Geostar controlled and also performed all functions of certain subsidiaries. In such instances and in response to a Rule 30(b)(6) notice, corporations have an obligation to inquire into materials in the possession of their subsidiaries and to use those materials to prepare a designee. *See Murphy v. Kmart Corp.*, 244 F.R.D. 407 (D.S.D. 2009) (parent corporation with sufficient access and control charged with knowledge of parent and sister corporations for purposes of deposition); *S.C. Johnson & Son, Inc. v. Dial Corp.*, 2008 U.S. Dist. LEXIS 76320 (N.D. Ill. Sept. 10, 2008) (parent had to produce witness to testify as to knowledge of its subsidiary when parent, as a practical matter, controlled subsidiary and subsidiary's information was "reasonably available" to parent); *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 2002 U.S. Dist. LEXIS 14682 (S.D.N.Y. Aug. 6, 2002) (corporation must produce witness prepared to testify on basis of knowledge in hands of its subsidiaries and affiliates so long as the subsidiaries and affiliates are within its control).

Accordingly, the Court will deny GeoStar's motion in this regard.

Next, a Rule 30(b)(6) designee must review all available sources of information, including those identified from other productions. *See Sprint*, 236 F.R.D. at 528 (designee must review all available sources of information); *Taylor*, 166 F.R.D. at 361 (corporate designee responsible for providing corporation's interpretation of relevant documents and events). Certainly, there may be documents on that list that no one at GeoStar can authenticate, which will come to light during the deposition, but GeoStar has an obligation to produce a corporate designee that can authenticate those documents (whether they were produced by GeoStar during the course of discovery in this matter or not) if such a person exists.[9]

GeoStar next objects to presenting a designee to testify regarding GeoStar's present financial condition and the present location of its assets (Topic 32) because that information is not discoverable prior to judgment and is not an appropriate focus of pre-judgment discovery under Fed. R. Civ. P. 26. GeoStar's position is understood by the Court and this argument is well-taken. GeoStar's motion shall be granted in this regard.

GeoStar also objects to the length of time – three days – set aside for this deposition, on the grounds that it was

---

[9] The Court agrees with the West Hills Plaintiffs suggestion that, to the extent that it is possible, GeoStar might stipulate to the authenticity of at least some of those documents, reducing the burden placed on its designee or designees during the deposition.

originally agreed that the three day deposition would be for both GeoStar and one of its subsidiary's (First Source Wyoming, Inc.) designees. The West Hills Plaintiffs have indicated that there was never any such agreement.[10] Nonetheless, GeoStar's objection is ultimately grounded in the fact that prior 30(b)(6) depositions in this case have been scheduled for two days. Considering the amount of information that is sought and what may be numerous designees that will be required to testify on behalf of GeoStar, in order to cover the topics set forth in the Notice, three days does not seem an excessive allotment of time for the deposition of GeoStar. Accordingly, the Court will deny GeoStar's motion for a protective order in this regard.

Finally, GeoStar objects to the addition of topics to the Notice four business days prior to the deposition. In considering this issue, the Court has reviewed the additional topics (numbered 40 through 44), requested by Hon. Catherine Sakach on behalf of the Hertzog Defendants, in her email message dated May 6, 2009, and notes that the topics included in the list are already contemplated by the April 21, 2009, Notice of Deposition. The Court offers the following examples, which are not meant to be exhaustive. Topics 40 and 42 appear to the Court to have been contemplated by 37 and 39. Topic 41 appears to be contemplated by any number of the original topics, for example 8, 9, or 23. Topic 44 appears to the

---

[10]In fact, the Notice clearly indicates that Plaintiffs seek the deposition of a GeoStar designee that can speak to the corporation's knowledge as to First Source Wyoming issues.

Court to be contemplated by 35.  Topic 43, concerning GeoStar's ownership of ClassicStar mare lease interests and communications with ClassicStar about that ownership, is not so easily placed directly under the umbrella of any one or a series of the original topics.  That said, the Court is not willing to say at this time that questioning on these issues was not anticipated by any of the original topics presented in the Notice which touch extensively on GeoStar's knowledge and actions with regard to the mare lease program and its relationship with ClassicStar.  Accordingly, the Court declines to exclude questions on these issues as the subject of the scheduled deposition.

Accordingly, **IT IS ORDERED**:

(1)  that the Goyak Plaintiffs' Motion for Joinder [Lexington Civil Action No. 07-353-JMH, Record No. 1014; Lexington Civil Action No. 08-53-JMH, Record No. 198], shall be, and the same hereby is, **GRANTED**;

(2)  that the duplicate Motion for Joinder filed by the Goyak Plaintiffs [Lexington Civil Action No. 07-353-JMH, Record No. 1015] shall be, and the same hereby is, **DENIED AS MOOT**;

(3)  that Defendant GeoStar Corporation's (hereinafter, "GeoStar") Motion for Protective Order [Lexington Civil Action No. 07-353-JMH, Record No. 1005][11] shall be, and the same hereby is,

---

[11]*See also* Lexington Civil Action No. 06-243-JMH, Record No. 367; Lexington Civil Action No. 07-347-JMH, Record No. 137; Lexington Civil Action No. 07-348-JMH, Record No. 148; Lexington Civil Action No. 07-349-JMH, Record No. 161; Lexington Civil Action No. 07-351-JMH, Record No. 62; Lexington Civil Action No.

**GRANTED IN PART** and **DENIED IN PART**; and

(4) that GeoStar shall have no obligation to provide a designee informed of GeoStar's current financial condition and the current location of its assets as requested by Topic 32 of Plaintiff's April 21, 2009, Rule 30(b)(6) Notice of Taking of Deposition of Defendant GeoStar Corp;

(5) that this order does not relieve GeoStar of any other discovery obligation arising under the Rules, this Court's prior orders, and as a result of Plaintiff's 30(b)(6) Notice.

This the 12th day of May, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

07-352-JMH, Record No. 75; Lexington Civil Action No. 07-419-JMH, Record No. 113; Lexington Civil Action No. 08-17-JMH, Record No. 40; Lexington Civil Action No. 08-53-JMH, Record No. 196; Lexington Civil Action No. 08-74-JMH, Record No. 39; Lexington Civil Action No. 08-79-JMH, Record No. 52; Lexington Civil Action No. 08-104-JMH, Record No. 33; Lexington Civil Action No. 08-109-JMH, Record No. 120; Lexington Civil Action No. 08-321-JMH, Record No. 110; Lexington Civil Action No. 08-418-JMH, Record No. 27; Lexington Civil Action No. 08-487-JMH, Record No. 40; Lexington Civil Action No. 08-496-JMH, Record No. 78; and Lexington Civil Action No. 09-15-JMH, Record No. 65.